UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Phoeuy Svay,

        Petitioner,

                              Case No. 11-11623
                              Honorable Sean F. Cox

Robin Baker, District Director, Bureau of
Immigration and Customs Enforcement,

        Respondent.
_____/

OPINION & ORDER DISMISSING THE
PETITION FOR A WRIT OF HABEAS CORPUS

      Petitioner Phoeuy Svay ("Svay"), a prisoner proceeding *pro se*, brings this action against Respondent Robin Baker, the District Director of the Bureau of Immigration and Customs Enforcement ("ICE"), pursuant to 28 U.S.C. § 2241. Svay is currently in the custody of Immigration and Customs Enforcement and the matter currently before the court is Svay's petition for a writ of habeas corpus. For the reasons below, the Court dismisses without prejudice the petition.

BACKGROUND

A.    Factual Background

      On September 15, 1983, Svay entered the United States at Los Angeles, California with a form I-94. Two years later, Svay and his family became permanent residents of the United States. Following his April 21, 1997 conviction for attempted assault with intent to do great bodily harm, less than murder, Svay was ordered deported from the United States to Cambodia

on September 15, 1999, pursuant to INA § 237(a)(2)(A)(iii); 8 U.S.C. § 1227(a)(2)(A)(iii). Svay was released from criminal detention on March 1, 2001 because the United States government and the government of Cambodia did not have a repatriation agreement allowing for the deportation of Cambodian citizens to Cambodia. As a result, Svay was released from ICE detention and placed on an Order of Supervision.

Sometime after Svay's release, the United States and Cambodia executed a repatriation agreement. Accordingly, on September 14, 2010, Svay was taken back into ICE custody. Since taking Svay back into custody, ICE has proceeded with efforts to obtain a travel document for Svay. On September 21, 2010, Svay was interviewed by a representative from the government of Cambodia. After the interview, Cambodia determinated that Svay was eligible for a travel document and that it would be issued in the near future. (Respondent's Br., Ex. A). Svay is currently still in the custody of ICE.

On March 15, 2011, Svay filed the instant petition for writ of habeas corpus. (Petition, Doc. No. 1). The Government responded on May 5, 2011. (Gov. Resp., Doc. No. 6). Svay did not reply to the Government's response.

## ANALYSIS

Svay has been in ICE custody since September 14, 2010, whereupon ICE proceeded with efforts to obtain a travel document for his removal from the United States. In his petition, Svay alleges that ICE violated 8 U.S.C. § 1231(a)(6), and in turn, his Fifth Amendment due process rights, by indefinitely detaining him. Specifically, Svay contends that his current detention violates the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Court held that detention under § 1231(a)(6) may not continue indefinitely, rather, only for "a period reasonably necessary to secure removal." *Id.* at 699-701; 8 U.S.C. § 1231. The Supreme Court held that "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing." *Id.* At 701. Svay's six-month period of detention expired on March 14, 2011.

Svay states in his petition that he was told by a representative of the Cambodian government that he is not a Cambodian citizen, thus making him ineligible for a Cambodian travel document. (Petition at p. 5). This appears to be Svay's reasoning behind his notion that there is no significant likelihood of his removal in the reasonably foreseeable future, and thus his continued detainment is in violation of his Fifth Amendment due process rights. He asserts his continued detention contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*.

Petitioner's assertions are refuted by William L. Moulton, the ICE deportation officer handling Svay's case. Svay acknowledges that he is a native and citizen of Cambodia, and Moulton states in his Declaration that the Cambodian government acknowledges Svay's eligibility for a Cambodian travel document. (Gov Resp., Ex. A). The Cambodian government states it will issue a travel document in the near future, and as of April 11, 2011, Moulton expects the document to be issued within the next sixty days. *Id.* Svay's custody status was reviewed twice by ICE, once on December 13, 2010, and again on March 16, 2011. Both reviews indicated ICE is in current discussion with the Government of Cambodia regarding a travel document for Svay, and that he would not be released from ICE custody because there was

no reason to believe that Svay's "removal will not take place within the reasonably foreseeable time." (Gov. Resp., Exs. B, C).

In his petition, Svay refers to *Clark v. Martinez*, 543 U.S. 371 (2005), which involved a similarly situated detainee.  In *Clark* the government brought forward nothing to indicate a substantial likelihood of removal existed despite the passage of six months.  In that case, the United States government was no longer in repatriation negotiations with Cuba, thus making removal of two the Cuban petitioners unlikely in the reasonably foreseeable future.  *Id.* at 386.

Here, Petitioner's situation is more adjacent to *Joseph v. Holder*, 2011 WL 653648 (E.D. Mich. 2011) (Duggan, J.).  In *Joseph*, the Government presented evidence that the petitioner's removal in the reasonably foreseeable future was significantly likely, due in part because of the existence of a repatriation agreement between the United States and the government of Haiti.  The court found that, based upon this evidence, the Government was not unlawfully detaining the petitioner.

Currently, the United States government is in a repatriation agreement with the government of Cambodia, and thus there exists good reason to believe that Svay's removal will occur in the reasonably foreseeable future.  ICE has satisfied the *Zadvydas* requirement by presenting sufficient evidence to rebut the showing by Svay that his removal in the reasonably foreseeable future is not likely.  While circumstances surrounding the Government's attempts at obtaining Svay's travel document may later change, at this time, the Court cannot determine that Svay's removal is not likely to occur in the reasonably foreseeable future.

## CONCLUSION

     For the reasons stated above, the Court shall DISMISS WITHOUT PREJUDICE Petitioner's writ of habeas corpus.

     IT IS SO ORDERED.

Dated: July 11, 2011                                             s/ Sean F. Cox
                                                                    Sean F. Cox
                                                                    U. S. District Court Judge

I hereby certify that on July 11, 2011, the foregoing document was served upon counsel of record by electronic means and upon Phoeuy Svay by First Class Mail at the address below:

Phoeuy Svay
# 25402508
Chippewa County Jail
325 Court Street
Sault Ste. Marie, MI 49783

Dated: July 11, 2011                                             s/ J. Hernandez
                                                                    Case Manager